IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDGAR CEBALLOS,

      Plaintiff,                    No. 2:12-cv-0989 LKK DAD P

    vs.

MERLE SOGGE, et al.,            <u>ORDER AND</u>

      Defendants.           <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on claims of deliberate indifference to serious medical needs against six defendants named in plaintiff's original complaint (ECF No. 1). Pursuant to 28 U.S.C. § 1915A, at screening the court found that the complaint failed to state a cognizable claim for relief against Dr. Merle Sogge declined to order service of process on Dr. Sogge. (<u>See</u> Order filed Sept. 24, 2012 (ECF No. 9) at 4.) This matter is now before the court on a motion to dismiss, brought pursuant to Federal Rule of Civil Procedure 12(b)(6) and the unenumerated provisions of Rule 12(b), filed by defendants Deems, Hamkar, Ma, and Walker (ECF No. 16) and on a motion to dismiss pursuant to Rule 12(b)(6) filed by defendants Diercks and Wiser.

/////

STANDARDS FOR A MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007). However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'" Erickson, 551 U.S. at 93 (quoting Bell Atlantic 550 U.S. at 555, in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957).

ALLEGATIONS OF THE COMPLAINT

Plaintiff's complaint, filed April 13, 2012 (ECF No. 1), contains the following allegations. On September 28, 2009, plaintiff was taken from California State Prison-Sacramento (CSP-Sacramento) to California Medical Facility (CMF) for a liver biopsy. (Complaint, filed Apr. 13, 2012 (ECF No. 1) at 3.) Dr. Sogge performed the biopsy. (Id.) After the procedure, Dr. Sogge informed plaintiff that he had accidentally punctured plaintiff's gallbladder. Id.

Plaintiff was transported to UC Davis Medical Center because he was in severe pain. (Id.) There, he was examined by defendants Dr. Diercks and Dr. Wiser, given pain medication, and released back to CSP-Sacramento. (Id.) After his return to CSP-Sacramento, plaintiff's pain continued to increase. (Id.) Plaintiff was returned to UC Davis Medical Center. (Id.) Plaintiff had internal bleeding and had to be admitted to the hospital. Id.

/////

1  Plaintiff filed an inmate grievance against Dr. Sogge. It was denied at the first
2  level of review by defendant Hamkar. (Id. at 4.) Defendant Hamkar also took plaintiff off his
3  pain medication, leaving plaintiff in severe pain. (Id.) Plaintiff's inmate grievance was denied at
4  the second level of administrative review by defendant Deems, and at the third level of review by
5  defendant Walker. (Id.)

6  After defendant Hamkar took plaintiff off of methadone and prescribed "some sort
7  of nerve damage medication", plaintiff was assigned to Dr. Ma for treatment. (Id.) Dr. Ma took
8  plaintiff off the nerve damage medication and refused to prescribe methadone or any other pain
9  medication for him. (Id.)

## I. Motion to Dismiss by Defendants Deems, Hamkar, Ma, and Walker

On December 27, 2012, defendants Deems, Hamkar, Ma, and Walker filed a motion to dismiss. (ECF No. 16). Therein, defendants contend that plaintiff has failed to state a cognizable claim for relief against any of them, and that plaintiff failed to exhaust his administrative remedies as to any of his claims prior to filing suit as required. On January 25, 2013, plaintiff filed an opposition to the motion to dismiss (ECF No. 21). On February 4, 2013, defendants Deems, Hamkar, Ma, and Walker filed a reply brief (ECF No. 22).

On March 28, 2013, plaintiff filed a document styled as an opposition to defendants' reply. (ECF No. 27.) On April 4, 2013, defendants Deems, Hamkar, Ma, and Walker filed a motion to strike this pleading as an unauthorized surreply. (ECF No. 29.) On April 25, 2013, plaintiff filed an opposition to the motion to strike. (ECF No. 32.) Pursuant to Local Rule 230(l), defendants' motion was submitted for decision on February 4, 2013, when defendants filed their reply brief. No further briefing is authorized with respect to that motion by the Local Rules of this Court or by the Federal Rules of Civil Procedure. Good cause appearing, defendants' motion to strike plaintiff's unauthorized surreply will be granted.

/////

/////

A. <u>Failure to State a Claim</u>

Defendants Hamkar, Deems, and Walker contend that plaintiff has failed to state a cognizable claim against them based on their role in denying his inmate grievance. This contention is without merit.

In support of their motion to dismiss, defendants have presented evidence of the only inmate grievance plaintiff filed concerning his health care between September 28, 2009 and April 13, 2012. (<u>See</u> Decl. of L. D. Zamora in Supp. of Defs.' Mot. to Dismiss, filed Dec. 27, 2012 (ECF No. 16-2) at ¶ 8.) In that inmate grievance, plaintiff complained about Dr. Sogge's negligence in puncturing plaintiff's gallbladder. (Ex. A to Decl. of Zamora (ECF No. 16-2) at 5.) Therein, plaintiff requested that Dr. Sogge be reprimanded and that plaintiff be awarded compensatory damages for pain and suffering as well as punitive damages. (<u>Id</u>.)

After that inmate grievance was denied at the first level of review, plaintiff pursued his grievance to the second level of review, stating as follows:

> I am not satisfied with the results of the appeal. I am still suffering in pain because of the medical negligence. I'm feeling pain in my abdominal area.

(<u>Id</u>. at 6.) After the inmate grievance was denied at the second level of review, plaintiff proceeded to the third and final level of review, stating as follows:

> I am still not satisfied with the results of this appeal. I am suffering with tremendous pain because they keep on dening [sic] my appel [sic] and without any treatment.

(<u>Id</u>.) Plaintiff's inmate grievance was denied at the Director's Level of Review with the finding that his "medical condition has been evaluated by licensed clinical staff and you are receiving treatment deemed medically necessary." (<u>Id</u>. at 9.) The Director's Level decision specifically states that plaintiff had been seen and evaluated by defendant Hamkar on February 2, 2010 and would be seen and evaluated by defendant Hamkar again. (<u>Id</u>.)

The gravamen of plaintiff's Eighth Amendment claim against defendants Deems and Walker is based on the denial of his inmate grievance in which plaintiff complained about

4

ongoing pain.  Plaintiff's claim against defendant Hamkar is also based in part on said defendant's role in denying plaintiff's inmate grievance.  Plaintiff's allegations with respect to defendants Deems, Hamkar, and Walker concerning the denial of his inmate grievance with respect to his ongoing medical care are distinguishable from allegations brought against prison officials involved in an administrative appeal stemming from events that occurred in the past.  As one judge of this court has observed:

> The distinction is important because an appeals coordinator does not cause or contribute to a completed constitutional violation that occurs in the past.  See George v. Smith, 507 F.3d 605, 609-610 (7th Cir.2007) ("[a] guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not").  However, if there is an ongoing constitutional violation and the appeals coordinator had the authority and opportunity to prevent the ongoing violation, a plaintiff may be able to establish liability by alleging that the appeals coordinator knew about an impending violation and failed to prevent it.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989) (supervisory official liable under § 1983 if he or she knew of a violation and failed to act to prevent it).

Herrera v. Hall, No. 1:08-cv-1882-LJO-SKO PC, 2010 WL 2791586, at *4 (E.D.Cal. July 14, 2010).

If plaintiff's contention that failure to provide him with adequate pain medication violated his rights under the Eighth Amendment, his allegations against defendants Hamkar, Deems, and Walker are sufficient to implicate all three defendants in failing to take steps to remedy the alleged constitutional violation.

Defendants Hamkar and Ma also contend that plaintiff's allegations against them are based only on a difference of opinion between plaintiff and his medical providers over the medical providers' changing plaintiff's pain medication.  It is well-settled that a mere difference of opinion over the best course of medical care for a prison inmate does not constitute deliberate indifference.  See Sanchez v. Vild, 891 F.2d 240, 241-42 (9th Cir. 1989).  That, however, is not the basis of plaintiff's claim against these defendants.  Here, plaintiff alleges that he was taken

5

off all pain medication but continued to suffer severe pain thereafter and continued to communicate that to these defendants. Plaintiff has stated a cognizable Eighth Amendment claim against defendants Hamkar and Ma based on the alleged denial of pain medication.

      B.  <u>Failure to Exhaust Administrative Remedies</u>

Defendants Deems, Hamkar, Ma, and Walker seek dismissal of the complaint based on plaintiff's asserted failure to exhaust his administrative remedies prior to filing suit. On October 23, 2012, the court advised plaintiff of the requirements for opposing a motion to dismiss for failure to exhaust administrative remedies pursuant to the unenumerated provisions of Fed. R. Civ. P. 12(b). <u>See</u> <u>Woods v. Carey</u>, 684 F.3d 934 (9th Cir. 2012; <u>see also</u> <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). With their motion, defendants also served on plaintiff the notice required by <u>Wyatt</u> and this court's October 23, 2012 order. (<u>See</u> ECF No. 16 at 2-3.)

Section 1997e(a) of Title 42 of the United States Code provides:

> No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

This exhaustion requirement is mandatory. <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001); <u>McKinney v. Carey</u>, 311 F.3d 1198, 1199 (9th Cir. 2002). Exhaustion of administrative remedies must precede the filing of the complaint; compliance with the statute is not achieved by satisfying the exhaustion requirement during the course of an action. <u>McKinney</u>, 311 F.3d at 1200. Defendants have the burden of proving that plaintiff failed to exhaust available administrative remedies. <u>See</u> <u>Wyatt</u>, 315 F.3d at 1120.

> California's Department of Corrections provides a four-step grievance process for prisoners who seek review of an administrative decision or perceived mistreatment. Within fifteen working days of "the event or decision being appealed," the inmate must ordinarily file an "informal" appeal, through which "the appellant and staff involved in the action or decision attempt to resolve the grievance informally." Cal.Code Regs., tit. 15, §§

3084.5(a), 3084.6(c). [Footnote omitted.] If the issue is not resolved during the informal appeal, the grievant next proceeds to the first formal appeal level, usually conducted by the prison's Appeals Coordinator. Id. §§ 3084.5(b), 3084.6(c). Next are the second level, providing review by the institution's head or a regional parole administrator, and the third level, in which review is conducted by a designee of the Director of the Department of Corrections. [Footnote omitted.] Id. § 3084.5(e)(1)-(2).

Brown v. Valoff, 422 F.3d 926, 929-30 (9th Cir. 2005).

As discussed above, in support of their motion defendants have presented evidence that plaintiff filed only one inmate grievance concerning his health care between September 28, 2009 and April 13, 2012. (See Decl. of L. D. Zamora in Supp. of Defs.' Mot. to Dismiss, filed Dec. 27, 2012 (ECF No. 16-2) at ¶ 8.) That inmate grievance, which plaintiff pursued through the third and final level of administrative review, adequately raised and presented plaintiff's claim concerning inadequate pain medication and is also sufficient to exhaust his administrative remedies with respect to the Eighth Amendment claim raised in plaintiff's complaint against these four defendants.

For all of the foregoing reasons, the motion to dismiss brought on behalf of defendants Hamkar, Deems, Ma and Walker should be denied.

II. Motion to Dismiss by Defendants Diercks and Wiser

On January 16, 2013, defendants Diercks and Wiser filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 20). On February 20, 2013, plaintiff filed a motion for extension of time to oppose that motion. (ECF No. 23.) By order filed March 4, 2013, plaintiff was granted an extension of thirty days in which to file and serve his opposition to the motion to dismiss. (ECF No. 24.) On March 20, 2013, plaintiff filed a second motion for extension of time to oppose the pending motion. (ECF No. 26.) On March 28, 2013, plaintiff filed his opposition to the motion. (ECF No. 28). Good cause appearing, plaintiff's March 20, 2013 motion for extension of time will be granted nunc pro tunc and plaintiff's March 28, 2013 opposition will be deemed timely filed. On April 5, 2013, defendants

7

1  Diercks and Wiser filed a reply brief . (ECF No. 30.) On April 24, 2013, plaintiff filed a
2  document styled as an opposition to defendants' reply brief . (ECF No. 31.)
3         Defendants Diercks and Wiser, both treating physicians at UC Davis Medical
4  Center, seeks dismissal of plaintiff's complaint as to them on the ground that there are no
5  allegations therein that either of them acted with deliberate indifference to plaintiff's serious
6  medical need. Defendants Diercks and Wiser contend that plaintiff's sole allegation against them
7  – that he was prematurely discharged from the hospital – is insufficient to support a cognizable
8  claim against them. Defendants Diercks and Wiser also contend that plaintiff's own medical
9  records, which are attached as an exhibit to the complaint[1], belie any suggestion that either of
10 them acted with deliberate indifference to plaintiff's medical condition. They also contend that
11 those medical records show they had nothing to do with plaintiff's discharge from the hospital.
12        The medical records in question show that defendant Dr. Wiser, a resident,
13 examined plaintiff in the emergency room, and the care and treatment plan for plaintiff
14 developed by defendant Wiser was approved by defendant Dr. Diercks. (Ex. B to Complaint
15 (ECF No. 1) at 17.) Plaintiff's vital signs were taken, and laboratory work, an abdominal x-ray,
16 and a CT scan were all ordered. The CT scan showed a "GB hematoma" and the surgical
17 department was consulted for evaluation. (Id. at 16.) Plaintiff was given IV narcotics for pain.
18 (Id.) No diagnosis was found, but the notes indicate that plaintiff was "at risk for perforated
19 viscous and solid organ injury based on procedure and complaints." (Id.) Plaintiff's general
20 condition was reported as "fair" with "favorable" indicators. (Id. at 17.) Plaintiff was transferred
21 from the emergency department to another floor at UC Davis Medical Center. (Ex. D to
22 Complaint (ECF No. 1) at 22.) He was discharged from there in stable condition after his pain
23 was controlled with pain medication. (Id.) The records reflect that neither defendant Dr. Diercks
24 nor defendant Dr. Wiser were involved in plaintiff's discharge from the hospital. (See id.)

---

[1] Exhibits appended to a complaint are a part thereof for all purposes. See Fed. R. Civ. P. 10(c).

1    In this regard, the allegations of plaintiff's complaint are insufficient to suggest
2 that either defendant Dr. Diercks or defendant Dr. Wiser acted with deliberate indifference to
3 plaintiff's serious medical needs. Moreover, the medical records appended to the complaint
4 demonstrate that the defects in the allegations of the complaint with respect to these two
5 defendants could not be cured by amendment.[2] For that reason, the motion to dismiss filed on
6 behalf of defendants Diercks and Wiser should be granted.

7    In accordance with the above, IT IS HEREBY ORDERED that:

8    1. Plaintiff's March 20, 2013 motion for extension of time (ECF No. 26) is
9 granted;

10   2. Plaintiff's March 28, 2013 opposition to the motion to dismiss filed on behalf
11 of defendants Diercks and Wiser (ECF No. 28) is deemed timely filed;

12   3. The motion of defendants Deems, Hamkar, Ma, and Walker to strike plaintiff's
13 surreply (ECF No. 29) is granted;

14   4. Plaintiff's surreply to defendants' Deems, Hamkar, Ma, and Walker's reply
15 (ECF No. 27) is stricken; and

16    IT IS HEREBY RECOMMENDED that:

17   1. The December 27, 2012 motion to dismiss filed on behalf of defendants
18 Deems, Hamkar, Ma, and Walker (ECF No. 16) be denied;

19 /////
20 /////

---

[2] The court has carefully considered whether plaintiff could file an amended complaint stating a cognizable claim as to defendants Dr. Diercks and Dr. Wiser that would not be subject to dismissal. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988). See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that, while leave to amend shall be freely given, the court does not have to allow futile amendments). In light of the deficiencies noted above, the court finds that it would be futile to grant plaintiff leave to amend with respect to defendants Dr. Diercks and Dr. Wiser.

2. Defendants Deems, Hamkar, Ma, and Walker be directed to answer the complaint within ten days from the date of any order by the assigned District Judge adopting these findings and recommendations;

3. The January 16, 2013 motion of defendants Diercks and Wiser to dismiss be granted; and

4. Defendants Diercks and Wiser be dismissed from this action with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to objections shall be filed and served within fourteen days thereafter. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 2, 2013.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

12
ceba12cv0989.mtd