UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDGAR CEBALLOS,<br><br>        Plaintiff,<br><br>    v.<br><br>MERLE SOGGE et al.,<br><br>        Defendants. | No. 2:12-cv-0989 LKK DAD P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. For the reasons discussed herein, the court will recommend that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

**BACKGROUND**

On January 10, 2014, counsel on behalf of defendants Hamkar, Deems, Ma, and Walker filed a motion for summary judgment, arguing that defendants are entitled to judgment as a matter of law with respect to plaintiff's Eighth Amendment medical care claims. (Doc. No. 37) Plaintiff had not filed an opposition or otherwise responded to the motion, so on February 20, 2014, the court issued an order requiring plaintiff to file an opposition within fourteen days. (Doc. No. 40) The court warned plaintiff that failure to file an opposition would be deemed a statement of non-opposition to the pending motion and result in a recommendation that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b). (Id.) On February 28, 2014, and March 4,

1

1  2014, plaintiff filed motions seeking a thirty-day extension of time to file his opposition to the
2  pending motion for summary judgment, which the court granted.  (Doc. Nos. 41-43)  On April 14,
3  2014, plaintiff filed a motion for another thirty-day extension of time, which again the court
4  granted.  (Doc. No. 44-45)  In this latter order, the court cautioned plaintiff that no further
5  extensions of time would be granted for this purpose.  (Doc. No. 45)  That thirty-day period has
6  now expired, and plaintiff has not filed an opposition or otherwise responded to defendants'
7  motion for summary judgment.

**DISCUSSION**

9  "Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an
10  action for failure to comply with any order of the court." Ferdik v. Bonzelet, 963 F.2d 1258,
11  1260 (9th Cir. 1992).  In Ferdik, the Ninth Circuit Court of Appeals held that the district court did
12  not abuse its discretion when it dismissed a pro se litigant's civil rights action for failing to file an
13  amended complaint.  The court explained that, in deciding whether to dismiss a case for a
14  litigant's failure to comply with a court order, the district court must weigh five factors:

> "(1) the public's interest in expeditious resolution of litigation; (2)
> the court's need to manage its docket; (3) the risk of prejudice to
> the defendants; (4) the public policy favoring disposition of cases
> on their merits; and (5) the availability of less drastic alternatives."

18  Id. at 1260-61 (quoting Thompson v. Hous. Auth. of City of Los Angeles, 782 F.3d 829, 831 (9th
19  Cir. 1986).

20  In this case, the first two factors as well as the fifth factor cited by the court in Ferdik
21  strongly support dismissal of this action.  This case has been pending since April 13, 2012, and
22  has reached the summary judgment stage.  Plaintiff's failure to comply with court orders and the
23  Local Rules strongly suggests that further time spent by the court on this case will consume
24  scarce judicial resources in addressing litigation which plaintiff has demonstrated he has no
25  further intention to diligently pursue.  The court specifically warned plaintiff in its April 22, 2014,
26  order granting his second motion for an extension of time that it would be the last extension of
27  time granted by the court for the purpose of allowing plaintiff to oppose defendants' motion for
28  summary judgment.  Inexplicably, plaintiff has once again failed to file his opposition to

defendants' motion for summary judgment as required.  Under these circumstances, there is no suitable less drastic alternative to dismissal of this action.

The third factor, the risk of prejudice to the defendants, also weighs in favor of dismissal.  Plaintiff's failure to oppose defendants' motion for summary judgment prevents them from addressing plaintiff's claims on the merits and unnecessarily delays resolution of this action thereby forcing the defendants to incur additional time and expense.

Finally, the fourth factor, public policy favoring disposition of cases on the merits, weighs against dismissal of this action.  However, for the reasons set forth above, the first, second, third, and fifth factors support dismissal.  Under the circumstances of this case, those factors outweigh the general public policy favoring disposition of cases on their merits.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 3, 2014

DAD:9
ceba0989.57

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

3